UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NASER HINEITI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO: 1:20-cv-1369 |
| | ) |
| ELI LILLY & COMPANY, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff Naser Hineiti ("Plaintiff" or "Hineiti"), by counsel, brings this lawsuit against Eli Lilly & Company pursuant to Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), 42 U.S.C. §2000e, et. seq., as amended, and the Age Discrimination in Employment Act of 1967 (hereinafter "ADEA"), 29 U.S.C. §621, et. seq.

**I. Parties**

2. At all times relevant to this action, Hineiti resided within the Southern District of Indiana.

3. Defendant is a corporation that does business within the Southern District of Indiana.

4. Hineiti is an "employee" as that term is defined by 42 U.S.C. §2000e(f) and 29 U.S.C. §630(b).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b) and 29 U.S.C. §630(b).

## II. Jurisdiction and Venue

6. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343; 42 U.S.C. §2000e-(5), and 29 U.S.C. §626.

7. Hineiti exhausted his administrative remedies by filing charge no. 470-2019-04598 with the U.S. Equal Employment Opportunity Commission and receiving the appropriate notice of suit rights. Hineiti files the instant matter within ninety (90) days of receipt of said notice.

8. All facts, events, and transactions giving rise to this lawsuit occurred within the geographic environs of the Southern District of Indiana; thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. Factual Allegations

9. On June 24, 2014, Defendant hired the Plaintiff, Naser Hineiti, a male Middle Eastern male born in Palestine/Jordan, as an Engineering Advisor in the Device and Packaging Group as Tech Advisor. Hineiti currently works as an Engineering Advisor in the Delivery, Device and Connected Solutions Group.

10. Throughout Hineiti's employment, he has met or exceeded all of Defendant's legitimate employment expectations.

11. Hineiti has consistently met his annual targets and goals, and fulfilled all requirements for his promotion requests.

12. On or about November 5, 2015, Hineiti filed a charge of national origin discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"). The charge alleged that Defendant discriminated against Hineiti by not permitting

him to apply for promotions and assigning his direct reports to others.  The charge named Andy Ratz as the decision maker.

13. Defendant continued to hire or promote less qualified American, Caucasian, female, and/or significantly younger individuals to positions to which it had not permitted Hineiti to apply.

14. These positions included leading the product development group.  Defendant promoted less qualified non-Palestinian, non-Middle Eastern and/or female employees who were significantly younger than Hineiti in 2017.  The decision maker on each of these hires was Senior Director of Delivery & Device Development Andy Ratz.

15. On May 10, 2019, Hineiti met with the Senior Director of Platforms and Portfolio Karthik Vaideeswaren and his direct supervisor, Research Fellow Ron Iaocca, to discuss Hineiti's interest in an opening in the pilot plan/machine shop/3D print.

16. As Hineiti managed the machine shop/3D plan when he first joined Defendant, all of the participants in this discussion thought he would be a great fit.  Vaideeswaren told Hineiti that he had to run the transfer by Ratz.  A few days later, Vaideeswaren told Hineiti that Ratz did not support the move, stating that the position was not a good fit for Hineiti, and that it would better fit a younger engineer.

17. Hineiti sought promotion to a Senior Engineering Advisor.

18. In about June, 2019, Senior Research Fellow David Collins, who had previously supported Hineiti's promotion to a Senior Engineering Advisor, told Hineiti that he no longer supported Hineiti for promotion.

19. Iaocca refused to perform a succession management with Hineiti, despite being instructed by HR to do so.

20. On or about September 9, 2019 Hineiti was denied promotion to a Senior Engineering Advisor.

21. Hineiti is the most senior member in the group who has not received a promotion.

22. Defendant promoted a Caucasian American engineer less qualified than Hineiti to be a Engineering Director over Hineiti.

23. Iaocca and Collins told Hineiti that he did not have sufficient portfolio projects to be promoted to Senior Engineering Advisor.

24. Having portfolio projects is not mentioned as a qualification in published guidelines for the promotion process.  As Hineiti's work supports portfolios, he has met this requirement for promotions.

25. Hineiti has requested to work on portfolio, and his requested transfer to the machine shop would have provided him opportunities to work on portfolio.  His requests have been denied.

26. Last year, Defendant hired a 35 year old to work on portfolios.

27. In August, 2019, Iaocca took Hineiti's only direct report engineer, thus taking Hineiti's access to leadership content and communications, leadership development, and potential for growth as a leader.

28. On September 26, 2019, Hineiti filed an EEOC charge of discrimination against Defendant based upon age, race, color, national origin, sex and retaliation.

29. The charge alleged that Defendant discriminated against Hineiti by failing to promote or transfer him, and failing to provide him with work necessary for promotion. The charge named Andy Ratz and Ron Iacocca as decision makers.

30. Hineiti's filing of charges of discrimination against Defendant with the EEOC constitute activity protected under Title VII and the ADEA.

31. Defendant continued to hire less qualified female, American, Caucasian and/or significantly younger individuals to positions to which it had not permitted Hineiti to apply. These positions included leading the product development group.

32. On October 1, 2019, Defendant promoted a Caucasian American female, age 34 to the role of DDCS Director - Human Factors & Systems Engineering, and a Caucasian American male, 35 to the role of DDCS Director - Mechanical Engineering.

33. Hineiti was not permitted to compete for these roles. The decision maker on each of these hires was Senior Director of Delivery & Device Development Andy Ratz.

34. On or about December 10, 2019, Hineiti met with his supervisor, Ron Iacocca, for his 2019 annual review.

35. Iacocca acknowledged that Hineiti had met and exceeded his goals for the year, and that members from all his active projects provided positive feedback to his leadership contributions, without exception.

36. Iacocca nonetheless told Hineiti that he did not meet Iacocca's expectations.

37. As a result, Defendant reduced Hineiti's bonus by 50%, and he received no equity and no raise for the first time in his employment by Defendant.

38. In February 2020, Iacocca removed Hineiti as sponsor of lunch and learn seminars, and replaced him with a Caucasian American female in her 30s.

39. On March 23, 2020, Iacocca issued Hineiti a written warning and Performance Improvement Plan ("PIP").

40. Hineiti had not previously received discipline for his performance. The PIP imposes requirements upon Hineiti not imposed upon younger, female, Caucasian and/or American similarly-situated employees and has no end date.

41. The reasons proffered by Defendant for failing to promote or transfer Hineiti, for issuing him a written warning, and of issuing him a PIP are pretextual.

42. Hineiti's profit share and raises are below average year after year, and below Caucasian American colleagues in his group.

43. Hineiti has been discriminated against by Defendant in pay due to his sex, age, national origin, and/or in retaliation for his protected activity.

44. Hineiti has been discriminated against by Defendant in failing to promote or transfer him and/or in damaging his ability to advance his career because of his national origin, race, color, and/or sex and/or because he complained of discrimination, in violation of Title VII, and or because of his age, in violation of the ADEA.

45. Hineiti has been and continues to be economically and emotionally harmed because of Defendant's discriminatory actions.

## IV.  Legal Allegations
### Count One - Age Discrimination

46.     Hineiti incorporates paragraphs one (1) through forty-five (45) of his Complaint herein.

47.     Defendant intentionally and willfully discriminated against Hineiti because of his age.

48.     Defendant has treated similarly-situated younger employees more favorably than Hineiti.

### Count Two  - Title VII: Sex Discrimination

49.     Hineiti hereby incorporates paragraphs one (1) through forty-eight (48) of this Complaint.

50.     Defendant's actions discriminated against Hineiti on the basis of his sex.

51.     Defendant treated similarly-situated female, employees more favorably with respect to promotions, terms and conditions of employment, and discipline than Hineiti.

52.     Defendant acted intentionally, willfully, with knowledge that its actions violated federal law, and/or with reckless disregard for Hineiti's legally protected rights when it violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

53.     Hineiti has suffered harm as a result of Defendant's unlawful acts.

### Count Three  - Title VII - Race and National Origin Discrimination

54.     Hineiti hereby incorporates paragraphs one (1) through fifty-three (53) of this Complaint.

55.     The City's actions discriminated against Hineiti on the basis of his race and/or

national origin.

56. Similarly-situated Caucasian, non-middle eastern, American and/or non-Palestinian/Jordanian employees were treated more favorably with respect to promotions, the terms and conditions of employment, and discipline than Hineiti.

57. Defendant acted intentionally, willfully, with knowledge that its actions violated federal law, and/or with reckless disregard for Hineiti's legally protected rights when it violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

58. Hineiti has suffered harm as a result of the Defendant's unlawful acts.

## Count Four - ADEA – Retaliation

59. Plaintiff hereby incorporates paragraphs one (1) through fifty-eight (58) of his Complaint.

60. Plaintiff engaged in statutorily-protected activities, including filing charges of discrimination.

61. Defendant took adverse employment actions against Plaintiff in retaliation for his engaging in these statutorily-protected activities.

62. Defendant's unlawful actions were intentional, willful, and done in reckless disregard for Plaintiff's rights as protected by the ADEA.

## Count Five - Title VII – Retaliation

63. Plaintiff hereby incorporates paragraphs one (1) through sixty-two (62) of his Complaint.

64. Plaintiff engaged in statutorily-protected activities, including filing charges of discrimination.

65. Defendant took adverse employment actions against Plaintiff in retaliation for his engaging in these statutorily-protected activities.

66. Defendant's unlawful actions were intentional, willful, and done in reckless disregard for Plaintiff's rights as protected by Title VII.

### V. Requested Relief

WHEREFORE, Plaintiff, Naser Hineiti, respectfully requests that this Court find for him and order that:

1. Defendant pay lost wages and benefits to Plaintiff;

2. Defendant pay liquidated damages to Plaintiff in the amount of two (2) times the amount of back pay owed to Plaintiff;

3. Defendant pay compensatory and punitive damages to Plaintiff;

4. Defendant pay pre- and post-judgment interest to Plaintiff;

5. Defendant pay Plaintiff's attorneys' fees and costs incurred in litigating this action; and

6. Defendant pay to Plaintiff any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

**DEMAND FOR JURY TRIAL**

Comes now the Plaintiff, Naser Hineiti, by counsel, and demands a trial by jury on all issues deemed so triable.

Respectfully submitted,


John H. Haskin (7576-49)
Paul A. Logan (17661-02)
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, IN 46204
Telephone:    (317) 955-9500
Facsimile:    (317) 955-2570
E-Mail: jhaskin@jhaskinlaw.com
E-Mail: plogan@jhaskinlaw.com
Counsel for Plaintiff, Naser Hineiti